PARKER, Judge.
The City of Safety Harbor (City) appeals a final order which orders the City to approve a site plan amendment and permanently enjoins the City from further interference with the right of KOS Corporation (KOS) to utilize its property lying within a proposed right-of-way for parking. We reverse.
In 1988 KOS, a developer of a shopping center and office complex, filed an action against the City, which resulted in a final declaratory judgment, a permanent injunction, and an alternative writ of mandamus. In addition to other findings, the trial court ordered the City to approve KOS’s original revised site plan and to issue appropriate building permits. Thereafter, in a court-approved settlement stipulation between the parties, the City stated: “The City agrees to process building permit applications and any site plan revisions filed by KOS CORP in good faith, in a timely fashion and without unreasonable delay.”
In 1991 KOS submitted an application to the City requesting approval as minor site plan amendments various changes to a fast food restaurant and parking area. The application, in part, proposed the following changes: altering the configuration and position of the fast food restaurant; adding a second drive-through lane; changing the traffic circulation; widening the entrance-way closest to the road; and eliminating thirty-five parking spaces from the approved site plan and adding forty-eight parking spaces in a different area, forty-five of which were in a proposed road right-of-way.
This matter was taken before the City Commission. The City staff recommended that the Commission consider these changes as not minor in nature stating as follows: “[Sjtaff feels that the proposed fast food restaurant with two drive-thru lanes and proposed additional parking within the programmed McMullen Booth Road right-of-way would substantially alter the character of the general development as depicted on the adopted Site Plan; would substantially impact the availability of the parking serving this development; and would result in non-compliance with the existing zoning district requirements.” Although KOS’s corporate counsel attended the meeting, he made no presentation to the Commission. The Commission adopted the staff’s recommendation and determined that the modifications would be considered substantial amendments to the site plan, not minor amendments as KOS requested.[1]
KOS then filed its Fourth Verified Motion to Enforce Final Declaratory Judgment, Permanent Injunction, Alternative Writ of Mandamus and Order Approving Settlement Stipulations; Plaintiff’s Additional Motion for Contempt and Imposition of Civil Fine. KOS argued that the City was disobeying the court’s final judgment which ordered the City to process any proposed modifications of KOS’s site plan in good faith and not to limit or defeat KOS’s development of the property. The trial court held a hearing on the motion whereat KOS’s corporate counsel, the City’s assistant city manager, and the City’s building official testified. KOS’s corporate counsel testified to matters which were not known to the Commission or to the City’s staff at the time that the Commission rendered the decision on this matter and further were not known by the City until this hearing before the circuit court. The circuit court granted the motion and found that the City was in contempt of the court’s final judg *243 ment, supporting this conclusion by finding that the City’s classification of the proposed amendment as substantial was arbitrary and not in good faith.
It is true, as KOS argues, that a court’s determination that one party is in contempt will not be set aside lightly. See Fernandez v. Kellner, 55 So.2d 793 (Fla.1951), appeal dismissed, 344 U.S. 802, 73 S.Ct. 40, 97 L.Ed. 625 (1952). In this case, however, the evidence cannot support the circuit court’s finding that the City’s classification of the proposed amendment as substantial was arbitrary and not in good faith. In reviewing the transcript of the Commission meeting, we conclude that there is no reasonable interpretation of the facts which would lead one to the conclusion that the City’s decision was arbitrary, as the circuit court found. The staff’s conclusions that the proposed amendment would alter substantially the character of the development, would impact substantially on the availability of parking serving the entire development, and would result in noncompliance with the existing zoning district requirements were unrebutted before the Commission. In fact, the mayor recognized KOS’s corporate counsel at the meeting and asked him if he wanted to discuss the matter. He declined to do so. Under these circumstances, even giving deference to the circuit court’s determination, we cannot conclude that the City acted arbitrarily or in bad faith. Accordingly, the order is reversed.
Reversed and remanded for proceedings consistent with this opinion.
DANAHY, A.C.J., and THREADGILL, J., concur.

. If the Commission determines that a modification is substantial, as it did here, the application undergoes a review process which normally takes six weeks.